```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

MOAZZAM "MARK" MALIK and
AMERICAN BRIDGE INVESTMENT
GROUP, LLC, d/b/a WOLF HEDGE LLC,

                Defendants.

No. 15-cv-1025 (RJS)
FINAL JUDGMENT AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiff's motion for default judgment against Defendants Moazzam "Mark" Malik ("Defendant Malik") and his hedge fund, American Bridge Investment Group, LLC ("Defendant ABIG") (collectively, "Defendants"). (Doc. No. 27.) For the reasons set forth below, Plaintiff's motion is granted.

    On February 13, 2015, the Securities and Exchange Commission ("Plaintiff" or the "SEC") commenced this civil enforcement action against Defendants alleging violations of various anti-fraud provisions of the federal securities laws (Doc. No. 1), and simultaneously moved for (1) a preliminary injunction restraining Defendants from engaging in additional unlawful conduct under the securities laws, and (2) an order freezing Defendants' assets (Doc. Nos. 4–5; see also Doc. Nos. 6, 8, 9–11, 14 (declarations filed in support of Plaintiff's motion)). Later that day, the Court issued an Order directing Defendants to show cause why a preliminary injunction and asset freeze order should not be entered against them, pending a final disposition

of this action. (Doc. No. 3.) On February 24, 2015, service was effectuated as to Defendants (*see* Doc. No. 17), and on March 6, 2015, the Court held a hearing regarding Plaintiff's motion (Dkt. Entry dated Mar. 6, 2015). Because no one appeared at the hearing on behalf of Defendants, the Court subsequently issued an Order dated April 20, 2015 granting Plaintiff's motion for a preliminary injunction and the freezing of Defendants' assets. (Doc. No. 20.)

On January 4, 2016, the Court issued an Order directing Plaintiff to move for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55 and warned Plaintiff that its failure to make such a motion could result in the dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 23.) Accordingly, on January 13, 2016, Plaintiff obtained and submitted to the Court a Certificate of Default from the Clerk of the Court stating that Defendants were properly served in this case, but had not filed an answer or otherwise responded to the Complaint, and as such, were in default. (Doc. No. 25; *see also* Doc. No. 24.) On January 15, 2016, the Court issued an Order directing Defendants to respond to, and show cause why the Court should not grant, Plaintiff's request for default judgment and scheduled a hearing on the issue for February 8, 2016. (Doc. No. 26.) On January 21, 2016, Plaintiff formally moved for default judgment against Defendants and submitted a memorandum of law and declaration in support of the motion. (Doc. Nos. 27–29.) Pursuant to the Court's January 15, 2016 Order (Doc. No. 26), Plaintiff served a copy of its default papers on Defendants in advance of the hearing. On February 8, 2016, the Court held a hearing, at which no one appeared on behalf of Defendants. (*See* Dkt. Entry dated Feb. 8, 2016.) Moreover, to date, Defendants have not submitted a response to Plaintiff's motion for default judgment, despite the fact that they were required to do so by February 1, 2016, pursuant to the Court's prior Order (*see* Doc. No. 26).

Accordingly, for the reasons stated on the record at the February 8, 2016 conference, IT IS HEREBY ORDERED THAT Plaintiff's motion for default judgment against Defendants is GRANTED.

Moreover, for the reasons stated on the record and set forth in the Complaint and Declarations of SEC Staff Accountant Debbie Chan dated February 11, 2015 and January 21, 2016 (Doc. Nos. 1, 14, 29), IT IS FURTHER ORDERED THAT Defendants shall be jointly and severally liable for $1,005,244.70 in disgorgement, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $93,099.94.

In addition to disgorgement, the federal securities laws authorize three increasing tiers of civil fines for violations of the securities laws. *See* 15 U.S.C. §§ 77t(d)(2) (Securities Act of 1933 (the "Securities Act")), 78u(d)(3)(B) (the Securities Exchange Act of 1934 (the "Exchange Act")), 80b-9(e)(2) (the Investment Advisers Act of 1940 (the "Advisers Act")). The purpose of these civil penalties is to "punish the individual violator and deter future violations of the securities laws." *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007) (citation omitted). As relevant, if a violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons," a court may impose Tier III penalties – fines of up to the higher of (1) $150,000 for each violation by a natural person or $725,000 for each violation by "any other person"; or (2) the defendant's "gross amount of pecuniary gain." 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii), 80b-9(e)(2)(C); *see* 17 C.F.R. § 201.1004 (adjusting maximum fines for violations occurring after March 3, 2009); 17 C.F.R. § Pt. 201, Subpt. E, Tbl. IV (listing the maximum fines for violations occurring after March 3, 2009 as $150,000 for individuals and $725,000 for entities). "Beyond setting maximum

penalties, the statutes leave the actual amount of the penalty . . . up to the discretion of the district court." *SEC v. Razmilovic*, 738 F.3d 14, 38 (2d Cir. 2013) (citation omitted); *see also* 15 U.S.C. §§ 77t(d)(2)(A) ("The amount of the penalty shall be determined by the court in light of the facts and circumstances."), 78u(d)(3)(B)(i) (same), 80b-9(e)(2)(A) (same). In exercising this broad discretion, district courts "weigh (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *SEC v. Tourre*, No. 10-cv-3229 (KBF), 2014 WL 969442, at *11 (S.D.N.Y. Mar. 12, 2014) (citation omitted).

Here, the Court finds that Tier III penalties are appropriate for Defendants, as the conduct alleged in the Complaint (and in the twenty-eight-count criminal indictment for securities fraud, forgery, and grand larceny on which Defendant Malik was convicted by a jury (Doc. No. 29-3; *see also* Doc. No. 29)) clearly "involved fraud" and "directly . . . resulted in substantial losses or created a significant risk of substantial losses to other persons," 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii), 80b-9(e)(2)(C), including at least 19 investors whose investments were wholly misappropriated by Defendant Malik for his personal benefit (*see* Doc. No. 29; *see also* Doc. No. 1). In all, Defendants stole at least $1,005,244.70, none of which was ever returned to any investor. Accordingly, IT IS FURTHER ORDERED THAT Defendant Malik shall be liable for $2,850,000 in civil fines – that is, a civil fine of $150,000 for each of the 19 defrauded investors who invested funds with Defendant Malik (*see* Doc. No. 29 ¶ 9) – pursuant to 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3); 15 U.S.C. § 80b-9(e). IT IS FURTHER ORDERED THAT Defendant ABIG shall be liable for $13,775,000 in civil fines – that is, a civil fine of $725,000 for each of

the 19 defrauded investors who invested funds in ABIG or its predecessor fund (Wall Street Creative Partners L.P.) (*see* Doc. No. 29 ¶ 9) – pursuant to 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3); 15 U.S.C. § 80b-9(e).

IT IS FURTHER ORDERED THAT, within 14 days of this Order, Defendants shall satisfy their obligations by paying Plaintiff the amounts entered against each of them as set forth in this Order. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of Defendants, and name of this Court, and specifying that payment is being made pursuant to this Order. In addition, Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to counsel of record for Plaintiff in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The SEC shall send the funds paid pursuant to this Order to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at

any time after 14 days following entry of this Order. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Court also imposes the following injunctive relief against Defendants.[1]

IT IS FURTHER ORDERED THAT Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, see 15 U.S.C. § 78j(b), and Rule 10b-5, see 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED THAT Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, see 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

---

[1] Pursuant to Federal Rule of Civil Procedure 65(d)(2), in addition to Defendants themselves, their "officers, agents, servants, employees, and attorneys; and . . . other persons who are in active concert or participation with [them]," who receive actual notice of this Order by personal service or otherwise, shall also be bound by the injunctive relief provisions set forth in this Order. Fed. R. Civ. P. 65(d)(2).

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED THAT Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act, *see* 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, *see* 15 U.S.C. § 77h.

IT IS FURTHER ORDERED THAT Defendant Malik is permanently restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the Advisers Act, 15 U.S.C. §§

7

80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8, by, directly or indirectly, use of the mails or any means or instrumentality of interstate commerce:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED THAT that Defendants are permanently restrained and enjoined from soliciting additional investors or accepting additional investments from existing investors.

IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of this Order.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 27 and to close this case.

SO ORDERED.

Dated:      February 9, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE